Gants, Ralph D., J.
The plaintiff, Massachusetts Electric Company (“Mass Electric”), has brought this action seeking a declaratory judgment that G.L.c. 149, §129C, the so-called “Linemen’s Statute,” is preempted by the Occupational Safety and Health Act, 29 U.S.C. §651 etseq. (“OSHA”). Mass Electric now moves for summary judgment. After hearing, for the reasons detailed below, Mass Electric’s motion for summary judgment is ALLOWED and a declaratory judgment shall issue declaring that G.L.c. 149, §129C is preempted by OSHA and therefore unconstitutional and invalid under the supremacy clause in art. 6 of the Constitution of the United States.
DISCUSSION
G.L.c. 149, §129C provides in pertinent part:
Whoever being engaged in the business of transmitting electricity or installing or repairing live wires or electrical equipment knowingly permits a journeyman or first class lineman, while on a pole or structure, to work on live wires in excess of seven hundred and fifty volts to ground unless he is assisted on or at the base of each such pole or structure by a journeyman lineman, a fourth-year apprentice, a second class lineman or a lineman having a title commonly accepted as the equivalent of the foregoing shall be punished by a fine of not more than five hundred dollars. Whoever being engaged in the business of transmitting or distributing electricity or installing or repairing live wires or electrical equipment knowingly permits any of its personnel to work on live wires, electrical equipment or any other energized conductor in excess of fifteen thousand volts phase-to-phase or eight thousand five hundred volts phase-to-ground directly with rubber gloves or in any manner other than with insulated hot line tools in which case the worker shall maintain as a minimum clearance from such wire, equipment or conductor a distance consistent with the minimum requirements of the occupational safety and health act, so-called, shall be punished by a fine of not more five hundred dollars.
Each violation of this section shall he a separate offense.
For the purpose of this section, a structure shall be deemed to include any type of aerial lift device, including a so-called bucket truck. This section shall not apply to work done by any person who is commonly called a troubleman, while making emergency repairs, locating electrical faults, clearing defective apparatus, or answering service calls.
In Gade v. Nat’l Solid Wastes Mgmt Ass’n, the United States Supreme Court declared that OSHA “precludes any state regulation of an occupational safety or health issue with respect to which a federal standard has been established, unless a state plan has been submitted and approved pursuant to [§ 18(b) of OSHA, 29 U.S.C. §667(b)].”[1] 505 U.S. 88, 102 (1992). The Court explained, ‘The OSH Act as a whole evidences Congress’ intent to avoid subjecting workers and employers to duplicative regulation; a State may develop an occupational safety and health program tailored to its own needs, but only if it is willing completely to displace the applicable federal regulations.” Id. at 100. See also Commonwealth v. College Pro Painters (U.S.) Ltd., 418 Mass. 726 (1994). Massachusetts has not submitted any state plan to assume responsibility for occupational safety or health standards.
In Gade, the Court specifically rejected two arguments raised in defense of the state statute at issue. First, in response to the argument that the state statute had the dual purpose of protecting not only occupational health and safety but also public safety, the Court held that OSHA does not lose “its pre-emp-tive force” simply because the state legislature articulates a purpose other than workplace health and safety. 505 U.S. at 105. “Our precedents leave no doubt that a dual impact state regulation cannot avoid OSH Act pre-emption simply because the regulation *684 serves several objectives rather than one.” Id. at 106. “In sum, a state law requirement that directly, substantially, and specifically regulates occupational safety and health is an occupational safety and health standard within the meaning of the Act. That such a law may also have a nonoccupational impact does not render it any less of an occupational standard for purposes of pre-emption analysis.” Id. at 107.
Second, in response to the contention that state occupational safety and health laws are not preempted when they merely supplement the federal standard and do not conflict with it, the Court declared, “[s]tate laws regulating the same issue as federal laws are not saved, even if they merely supplement the federal standard.” Id. at 100. The Court concluded that OSHA imposed “a background preemption of all state occupational safety and health standards whenever a federal standard governing the same issue is in effect.” Id.
Consequently, the Massachusetts Linesmen’s Statute can avoid pre-emption by OSHA only if no federal standard is in effect governing these issues. Id.; 29 U.S.C. §667(a). Here, it is plain that there are OSHA standards that govern these issues. OSHA has promulgated regulations that establish safety standards for employees engaged in the:
operation and maintenance of electric power generation, control, transformation, transmission, and distribution lines and equipment,
29 C.F.R. §1910.269(a)(1), and
the erection of new electric transmission and distribution lines and equipment, and the alteration, conversion, and improvement of existing electric transmission and distribution lines and equipment,
29 C.F.R. § 1926.950(a)(1).
The defendant has stated that, “after careful review, . . . the Attorney General can present no reasonable argument that G.L.c. 149, §129C ... is not preempted” by OSHA and its regulations. Defendant’s Response to Plaintiffs Motion for Summaiy Judgment at 1. The intervenors, the International Brotherhood of Electrical Workers, Local 486, and the Utilily Workers Union of America, Local 654, contend that G.L.c. 149, §129C is not an occupational safety and health standard but simply a “staffing requirement designed to provide minimum employment opportunities for Massachusetts workers.” Defendant Unions’ Response to Plaintiffs Motion for Summary Judgment. The intervenors’ argument fails on at least two grounds. First, the Linesmen’s Statute, by its terms, imposes occupational safety and health standards when it sets forth the assistance a lineman must have when he is on a pole or structure working on live wires in excess of 750 volts, and when it requires insulated hot line tools, rather than rubber gloves, to work on live wires or electrical equipment in excess of prescribed voltages. Second, even if, as the intervenors contend, the Linesmen’s Statute is also a “make-work” statute, intended by the Legislature to create additional jobs in the electrical industry, this would simply mean that it was a dual-purpose statute. Gade makes it clear that the duality of legislative purpose does not affect pre-emption. See Gade, 505 U.S. at 105-07.
Having found that the Linesmen’s Statute is preempted by OSHA, this Court is obliged also to find that the Linesmen’s Statute, G.L.c. 149, §129C, violates the Supremacy Clause of the United States Constitution. See Commonwealth v. College Pro Painters (U.S.) Ltd., 418 Mass. at 727. A Massachusetts statute that violates the United States Constitution must be declared invalid. Id.
ORDER
For the reasons stated above, Mass Electric’s motion for summaiy judgment is ALLOWED. A declara-toiy judgment shall issue in favor of Mass Electric declaring that G.L.c. 149, §129C is pre-empted by OSHA and therefore unconstitutional and invalid under the supremacy clause in art. 6 of the Constitution of the United States.

 Under 29 U.S.C. §667(b),
Any State which, at any time, desires to assume responsibility for development and enforcement therein of occupational safety and health standards relating to any occupational safety or health issue with respect to which a Federal standard has been promulgated [by the Secre-taiy under OSHA] shall submit a State plan for the development of such standards and their enforcement.